UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALFRED SEARLS** | **CIVIL ACTION** |
| **VERSUS** | **No. 07-4250** |
| **INSURECO AGENCY AND INSURANCE SERVICES et al.** | **SECTION I/3** |

## ORDER AND REASONS

Before the Court is a motion for summary judgment, filed on behalf of defendant, Insureco Agency and Insurance Services ("Insureco").[1] Plaintiff, Alfred Searls ("Searls"), has opposed the motion.[2] For the following reasons, Insureco's motion is **GRANTED**.

### *BACKGROUND*

Searls alleges that his property located at 3219-21 Deer Street in New Orleans was massively damaged by flood and wind as a result of Hurricane Katrina on August 29, 2005.[3] He claims that, following the filing of an insurance claim, his insurer failed to pay him amounts due under his homeowner's insurance policy.[4]

---

[1] R. Doc. No. 30.

[2] R. Doc. No. 34, mem. opp'n.

[3] R. Doc. No. 1, compl. ¶5.

[4] Id. ¶¶10, 11.

1

On August 22, 2007, Searls filed a complaint in this Court, naming Insureco and ABC Insurance Company, which denoted a then-unknown insurance company, as defendants. On August 12, 2008, Searls sought leave to amend his complaint. On October 1, 2008, Searls was granted leave to file an amended complaint, which substituted American Security Insurance Company ("American") for ABC Insurance Company throughout the complaint.[5] Searls made this amendment upon learning that "the true name of plaintiff's homeowner insurer is American Security Insurance Company."[6]

Insureco filed its motion for summary judgment on September 8, 2008, before Searls was granted leave to amend, but after he had requested such permission. Insureco argues, in essence, that, in light of the amended complaint, Searls has made no allegation against Insureco, that Insureco did not insure Searls's property, and that, therefore, Insureco should be dismissed from the lawsuit.

## LAW AND ANALYSIS

**I.      Summary Judgment Standard**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The party seeking summary judgment need

---

[5] See R. Doc. No. 38, am. compl.

[6] Id. at 2.

not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  Celotex, 477 U.S. at 323; Fontenot v. Upjohn Co., 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence."  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).  Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue.  Id.  The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor."  Id. at 255; see Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

**II.**     **Discussion**

Pursuant to Louisiana law, "[i]n an action under an insurance contract, the insured bears the burden of proving the existence of the policy and coverage."  Tunstall v. Stierwald, 809 So. 2d 916, 921 (La. 2002).  To prevail in his lawsuit, the plaintiff must also show that the insurance policy was issued by the defendant.  See O'Brien v. W. of Eng. Ship Owners Mut. Ins. Ass'n (Luxembourg) Ltd., No. 93-3407, 1995 WL 35618, at *1 (E.D. La. Jan. 31, 1995).

A.     **No Evidence that Insureco Issued Searls's Policy**

Searls has not provided the Court with any evidence to suggest that Insureco issued his homeowner's insurance policy.  Indeed, the fact that American, rather than Insureco, issued the policy is plaintiff's admitted rationale for amending his complaint.  Searls has attached three documents to his opposition memorandum.  First, he attaches a letter from Homecomings Financial ("Homecomings"), Searls's mortgage company, which lists Insureco's address with regard to the hazard insurance on the property.[7]  Second, he attaches a letter from Insureco's counsel dated June 27, 2008, which appears to be the cover letter for Insureco's initial disclosures.[8]  Finally, he attaches a document which purports to demonstrate an affiliation between Insureco and American.[9]

Only the letter from Homecomings could be construed as creating a genuine issue of material fact with respect to whether Insureco is actually plaintiff's insurer.  However, as pointed out by Insureco, this letter is both unauthenticated and inadmissible hearsay evidence.[10]  Even were the Court to consider this document, such a third-party assertion that Insureco insured the property is insufficient to survive summary judgment.  See Little, 37 F.3d at 1075 (stressing that a nonmovant's burden cannot be satisfied by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence).  In the absence of an actual policy or sworn testimony that Insureco insured Searls's property, Searls has not met his burden of showing specific facts that create a genuine issue for trial.  Therefore, Searls's claims against Insureco must be dismissed.

---

[7] R. Doc. No. 34-2, ex. A.

[8] Id., ex. B.

[9] Id., ex. C.

[10] R. Doc. No. 52, reply 5.

### B. Searls's Alter Ego and Estoppel Allegations

Searls does not appear to argue that Insureco actually issued the insurance policy.  Instead, he contends that Insureco and American are alter egos of one another and that Insureco should be estopped from claiming it is different from American.  He claims that Insureco has attempted to insulate American from being drawn into the lawsuit.  However, these allegations are not lodged in either complaint, nor do they bear upon whether Insureco issued Searls's insurance policy.

Should American assert a statute of limitations defense at some future point in the litigation, as plaintiff's counsel speculated in a teleconference with the Court, Searls may attempt to counter that defense with estoppel or waiver arguments at that time.  Meanwhile, Searls's request that this motion be continued to permit him to perform discovery on the relationship between the defendants is **DENIED**.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the motion is **GRANTED** and that all claims against Insureco are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, December 9, 2008.

_[signature]_
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**
