UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALFRED SEARLS** | **CIVIL ACTION** |
| **VERSUS** | **No. 07-4250** |
| **INSURECO AGENCY AND INSURANCE SERVICES et al.** | **SECTION I/3** |

### ORDER AND REASONS

Before the Court is a motion for summary judgment,[1] filed on behalf of defendant, American Security Insurance Company ("ASI"). Plaintiff, Alfred Searls ("Searls"), has opposed the motion. For the following reasons, ASI's motion is **GRANTED**.

*BACKGROUND*

This case arises out of damages to Searls's property sustained as a result of Hurricane Katrina on August 29, 2005. On August 22, 2007, Searls filed a complaint, naming as defendants Insureco Agency and Insurance Services ("Insureco") and ABC Insurance Company.[2] Searls alleged that Insureco had undervalued the extent of damage to his property and sought specific performance, compensatory damages, penalties, and attorneys' fees.

On January 16, 2008, the Court dismissed Searls's complaint for failure to prosecute and entered judgment in favor of defendants.[3] Searls then moved the Court for reconsideration of its

---

[1] R. Doc. No. 49.

[2] R. Doc. No. 1, compl.

[3] R. Doc. Nos. 8, 9.

1

dismissal order and judgment.[4] On March 10, 2008, the Court reopened the case, ordering Searls to file proof of service of the defendant no later than April 10, 2008.[5]

On April 4, 2008, Searls filed an executed return of service upon Insureco into the record, showing that the summons and complaint had been delivered by express mail to a post office box address in Dallas, Texas on April 2, 2008.[6] On April 16, 2008, Searls filed another executed return of service upon Insureco into the record, showing that the summons and complaint had been delivered by certified mail to an address in Orange, California on April 11, 2008.[7] Insureco timely answered the complaint on May 29, 2008.[8]

Searls filed an amended complaint on October 1, 2008. The amended complaint substituted ASI for ABC Insurance Company, which denoted an unknown insurance company in the original complaint.[9] The amended complaint stated that "Plaintiff has recently discovered that the true name of plaintiff's homeowner insurer is [ASI]."[10] ASI answered the amended complaint on October 31, 2008.[11]

On December 2, 2008, ASI filed its motion for summary judgment, alleging that the statute of limitations barred Searls's claims. On December 9, 2008, the Court granted Insureco's motion for

---

[4] R. Doc. No. 10.

[5] R. Doc. No. 11.

[6] R. Doc. No. 13.

[7] R. Doc. No. 17.

[8] R. Doc. No. 21.

[9] R. Doc. No. 38, am. compl.

[10] Id. at 2.

[11] R. Doc. No. 41.

summary judgment, dismissing with prejudice all claims against it.[12]

*LAW AND ANALYSIS*

**I.     Standard of Law**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. Celotex, 477 U.S. at 323; Fontenot v. Upjohn Co., 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify

---

[12] R. Doc. No. 54.

3

specific facts that establish a genuine issue. Id. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." Id. at 255; see Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

**II.     Discussion**

ASI argues that Searls's claims against it are barred by the statute of limitations. Searls, in turn, argues that the amended complaint relates back to the date of the original complaint, negating ASI's statute of limitations defense. While the defendant bears the burden of establishing the statute of limitations as an affirmative defense, the plaintiff carries the burden of showing that an amended complaint relates back. See Dodson v. Hillcrest Securities, 95 F.3d 52, 1996 WL 459770, at *10 (5th Cir. July 24, 1996).     It is not disputed that, pursuant to the statute of limitations applicable to Searls's claim, the last day to file suit was September 1, 2007. See La. Rev. Stat. Ann. § 22:658.3(A). It is also not disputed that Searls's amended complaint, naming ASI as defendant, was not filed until October 1, 2008 — thirteen months after the statute of limitations had run. Therefore, ASI has met its initial burden on the statute of limitations defense.

The burden now shifts to Searls to show that the amended complaint relates back to the filing

date of the original complaint. Whether an amendment relates back to the date of the original complaint is governed by Rule 15(c) of the Federal Rules of Civil Procedure. The Fifth Circuit has stated the rule as follows:

> An amendment naming a different defendant will relate back if the claim asserted arose out of the same conduct set forth in the original pleading and the new defendant, within the time provided by Federal Rule of Civil Procedure 4(m), received notice of the filing of the original action so that he would not be prejudiced in presenting a defense on the merits, and the new defendant "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the [new] party."

Green v. Doe, 260 Fed. App'x 717, 718-19 (5th Cir. 2007) (alteration in original).[13] There is no dispute that the claim asserted by Searls against ASI arose out of the same conduct, transaction, or occurrence set forth in the original pleading. The parties do, however, dispute 1) whether ASI

---

[13] Green quotes the version of Rule 15 prior to the 2007 amendments effective December 1, 2007. As amended, Rule 15(c) states, in pertinent part:

> (c) Relation Back of Amendments.
>     (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>         (A) the law that provides the applicable statute of limitations allows relation back;
>         (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>         (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>             (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>             (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

5

received notice of the action within the period provided by Rule 4(m)[14]; and 2) whether ASI knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

A.  *Timely Notice of the Lawsuit*

Relation back requires that "the party to be brought in by amendment" — that is, ASI — receive notice of the action "within the period provided by Rule 4(m)" — that is, by April 10, 2008.[15] See Fed. R. Civ. P. 15(c)(1)(C)(i).  Searls argues that ASI is not entitled to summary judgment because Searls timely served Insureco, and because Insureco is affiliated with ASI.[16]  ASI responds that because it did not receive notice until April 25, 2008, there can be no relation back of the amended complaint.  Furthermore, ASI disputes Searls's assertion that he timely served Insureco before the April 10 deadline.

1.  Actual Notice

The Court finds that ASI did not receive actual notice of Searls's lawsuit until April 25, 2008. ASI submitted the affidavit of E. James Kroll ("Kroll"), which states that "American Security did not have notice of Mr. Searls' lawsuit until April 25, 2008."[17]  Searls does not contest this sworn

---

[14] Rule 4(m) provides as follows:

> (m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

[15] The parties do not dispute that April 10, 2008 was the last day of "the period provided by Rule 4(m)." The Court notes that its March 10, 2008 order reopening the case required Searls to file proof of service into the record by April 10, and not merely to serve defendant by that date.  This distinction, however, does not affect the present ruling.

[16] R. Doc. No. 53, mem. opp'n 4.

[17] R. Doc. No. 49-3, ex. 1, Kroll aff. ¶7.

testimony. Indeed, his brief acknowledges that "American Security knew of the Complaint no later than April 25, 2008."[18] The current record reflects that ASI did not have actual notice of the action until April 25, 2008, when, according to Kroll's affidavit, Jean Heller of ASI received the summons and complaint from Insureco.

    2.    <u>Constructive Notice Based on Identity of Interests</u>

The Court must next determine whether ASI had constructive notice of the lawsuit based upon service of the complaint upon Insureco. The Fifth Circuit has held that notice to the new defendant may be imputed when there is an identity of interests between the original defendant and the defendant that the plaintiff seeks to substitute. <u>See</u> <u>Jacobsen v. Osborne</u>, 133 F.3d 315, 320 (5th Cir. 1998). "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." <u>Id.</u> (internal quotation marks omitted).

Although he does not do so within the framework articulated in <u>Jacobsen</u>, Searls appears to argue that Insureco and ASI have an identity of interests. In a footnote, he submits that the two entities are "affiliated companies," and notes that ASI "propounded discovery" on June 13, 2008. Meanwhile, in its reply brief, ASI concedes that it and Insureco have retained the same counsel to represent them in this lawsuit.[19]

Even if ASI and Insureco share an identity of interests, however, notice will only be imputed to ASI if Insureco was served within the time period provided by Rule 4(m). Pursuant to Rule 4(e)(1), Louisiana Revised Statutes § 13:3204 provides one of the means by which service can be

---

[18] Mem. opp'n 1.

[19] R. Doc. No. 55, reply 4 ("It is true that Insureco and American Security have both retained undersigned counsel to represent them in this litigation.").

7

perfected upon a nonresident defendant.[20]  Initially, ASI does not dispute that Insureco was served with the summons and complaint at its address in California on April 11, 2008 — however, this service occurred after the Rule 4(m) deadline.  Furthermore, proof of this service was not filed until April 16, 2008, six days after the deadline expired.

Searls contends that a letter to Insureco, dated April 1, 2008, addressed to a Dallas post office box, and enclosing the summons and complaint, was delivered by the United States Postal Service and signed for by an agent of Insureco, thereby meeting the § 3204 requirements.[21]  ASI disputes that Searls has satisfied the requirements.  ASI provides the affidavit of Sylvia Taylor ("Taylor"), who states that Insureco did not receive notice of the suit until April 11, 2008.[22]  Taylor further states that Insureco does not have an office in Dallas, Texas, that the person who signed for the April 1 letter is not an Insureco employee, and that Insureco did not receive Searls's April 1 letter until December 2008.[23]

In the face of these sworn statements, Searls has not provided evidence sufficient to create a

---

[20] Section 3204 states in pertinent part:

    A.    In a suit under R.S. 13:3201, a certified copy of the citation . . . and of the petition . . . shall be . . . actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state.
. . .
    D.    For purposes of this Section, a "commercial courier" is any foreign or domestic business entity having as its primary purpose the delivery of letters and parcels of any type, and which:
        (1)    Acquires a signed receipt from the addressee, or the addressee's agent, of the letter or parcel upon completion of delivery.
        (2)    Has no direct or indirect interest in the outcome of the matter to which the letter or parcel concerns.

[21] R. Doc. No. 53-3, ex. A.

[22] R. Doc. No. 55-3, Taylor aff. ¶4.

[23] Id. ¶¶8-9.

genuine issue of material fact with respect to the alleged service of Insureco on April 2, 2008. Because Insureco did not receive notice of the action within the time period provided by Rule 4(m), it follows that ASI also did not receive such notice. Therefore, it is immaterial whether ASI and Insureco share an identity of interests in this case. Based upon the foregoing, the amended complaint naming ASI as a defendant does not relate back to the filing date of the original complaint.

B.   *Mistake Concerning ASI's Identity*

The Court further notes that, even if he had satisfied the notice requirement of Rule 15(c)(1)(C)(i), Searls has not met the requirement set forth in Rule 15(c)(1)(C)(ii): that ASI knew or should have known that it would have been sued, but for a mistake concerning its identity. Although it is his burden, Searls makes no argument that he has satisfied this part of the relation back rule.

As Judge Duval has stated, "Rule 15(c) is designed to permit amendment where a 'misnomer,' 'mistake,' or 'misidentification' has occurred, not where an entirely new defendant is being added who was not included in the original complaint." In re Katrina Canal Breaches Consol. Litig., No. 05-4182, 2008 WL 3906760, at *6 (E.D. La. Aug. 26, 2008) (citing Jacobsen, 133 F.3d at 321-22). Here, the "mistake" was not a misidentification or misnomer, but an error about who was the actual insurer of Searls's property.

ASI points out that Searls knew that ASI had some relation to his property well before suit was filed. In a June 20, 2006 letter, Searls's counsel wrote to ASI providing notice that Searls had retained counsel to resolve his insurance claim.[24] Why Searls, who had already been in correspondence with ASI and appeared to understand that ASI was his insurer, did not name ASI in his original complaint is unclear. What is clear is that his decision not to name ASI was not a mistake concerning ASI's identity, but was rather a failure to name the proper defendant.

---

[24] See R. Doc. No. 52-2, ex. B. Searls does not dispute the authenticity of this document.

9

Here, Searls's allegation in his amended complaint that he was not aware that ASI was his insurer is strongly undercut by the fact that his counsel had corresponded with ASI over a year before the suit was filed. This Court will not construe Rule 15(c) to allow relation back when a plaintiff fails to sue his insurer within the statute of limitations, especially when the identity of that insurer is known to him well before the original complaint was filed. This kind of error is not the type of "mistake" Rule 15(c) was designed to remedy. See Schewe v. USAA Cas. Ins. Co., No. 06-881, 2007 WL 2174588 (E.D. La. July 27, 2007) (holding that Rule 15(c) is not designed to remedy a situation where the plaintiff disregards information within his possession that indicates the proper defendant to his claims).

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the motion for summary judgment,[25] filed on behalf of American Security Insurance Company, is **GRANTED** and that plaintiff's claims against ASI are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, January 6, 2009.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[25] R. Doc. No. 49.